UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON

Eastern District of Kentucky
FILED

APR 1 8 2005

AT LEXINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

CIVIL ACTION NO. 05-CV-28-JBC

DEMETRIUS L. GUNN

                                    PLAINTIFF

VS:          **MEMORANDUM OPINION AND ORDER**

STATE OF KENTUCKY, ET AL.

                                    DEFENDANTS


        The plaintiff, an inmate at the Fayette County Detention Center, has filed a

complaint pursuant to 42 U.S.C. § 1983.

        The plaintiff alleges that his rights pursuant to Kentucky Constitution sections

12, 13, 11, and 17 "as well as these rights following under the United States

Constitution" have been violated and that he has been subjected to a violation of the

Double Jeopardy clause because, when his parole was revoked due to a second

conviction, he was returned to prison to serve out the remainder of the sentence on

which he had previously been paroled.

        The named defendants are the State of Kentucky, Fayette County, the Fayette

County Circuit Court, Judge Pamela Goodwine, and Probation Officer James Hamlin.

        The plaintiff seeks damages and injunctive relief.

                        FACTUAL ALLEGATIONS

_____The plaintiff alleges that on October 25, 2004, he was put in jail for a first

1

offense DUI. He claims he was sentenced to ten days in jail and fined, apparently as a result of a conviction on his first DUI charge. Thereafter, the plaintiff alleges, he was arrested by a parole officer. Apparently this arrest was on a parole violation warrant that had been triggered by the plaintiff's DUI conviction. The plaintiff appeared in the Fayette Circuit Court before Judge Pamela Goodwine, presumably on the parole violator warrant issue. Judge Goodwine allegedly revoked his parole and sentenced the plaintiff to prison for the same offense for which he was originally found guilty and sentenced before incurring the DUI conviction.

## VAGUE ALLEGATIONS

The plaintiff generally alleges that his rights pursuant to Kentucky Constitution sections 12, 13, 11, and 17 "as well as these rights following under the United States Constitution" have been violated. He offers no information about how the complained-of actions purportedly constitute violations of the enumerated sections of either the state or the federal constitution, and no such violations are readily discernible.

Because the plaintiff has failed to set forth his claims with any particularity, he has not established that this court has jurisdiction over his complaint and his complaint does not meet the standards of Fed.R.Civ.P. 8. Thus, this complaint must be dismissed. *See Finklea v. United States*, 87 A.F.T.R.2d 2001-1501, 2001-1 USTC P 50, 302; 2001 WL 103005 (S.D. Ala.., Jan. 30, 2001); *Boswell v. Honorable Governor of Texas*, 138 F.Supp.2d 782 (N.D. Texas, Sept. 19, 2000); *Martin v. United States Post Office*, 752 F.Supp. 213, 218 (N.D. Texas 1990); *Good v. Allain*,

2

823 F.2d 64, 67 (5th Cir. 1987); *Moawad v. Childs*, 673 F.2d 850, 851 (5th Cir. 1982); *Moore v. United States*, 193 F.R.D. 647 (N.D. Cal. June 29, 2000); *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987)); *Parker v. Debuono*, 2000 WL 223841 (S.D.N.Y. Feb. 25, 2000); *Hedgewood v. Blanton*, 1995 WL 646217 (N.D. Ill, Nov. 2, 1995); *Small v. Endicott*, 998 F.2d 411, 417 (7th Cir. 1993); *Vicom, Inc. v. Harbridge Merchant Services*, 20 F.3d 771, 775 (7th Cir. 1994); *Wade v. Hopper*, 993 F.2d 1246, 1249 (7th Cir.), *cert. denied*, 114 S.Ct. 193 (1993); *Jennings v. Emry*, 910 F.2d 1434, 1436 (7th Cir. 1990); *Ellis v. Neeley*, 1995 WL 32632 (N.D. Ill. Jan. 25, 1995); *Verlan, Ltd. v. John L. Armitage & Co.,* 695 F.Supp. 955, 957 (N.D. Ill. 1988); *Clemens v. Smith, et al.*, 1997 WL 461991 (N.D. Ill, Aug. 5, 1997).

"[I]n the end, '[i]t is not the Court's place to speculate or imagine what the plaintiff's claims may be.'" *Boswell v. Honorable Governor of Texas*, 138 F.Supp.2d 782, 785 (N.D. Texas, Sept. 19, 2000) (citing *Martin v. United States Post Office*, 752 F.Supp. 213, 218 (N.D. Texas 1990)). When a court cannot fully determine the nature of a plaintiff's claims without resorting to improper speculation, and the confusing nature of the claims would force the defendants to speculate as to the nature of the claims, thus handicapping the defendants and effectively making them unable to fairly defend the lawsuit, the complaint should be dismissed without prejudice and the plaintiff may be permitted to re-file the lawsuit, if appropriate. *Boswell*, 138 F.Supp. at 785 (citing *Good v. Allain*, 823 F.2d 64, 67 (5th Cir. 1987); *Moawad v. Childs*, 673 F.2d 850, 851 (5th Cir. 1982)); *Moore v. United States*, 193

3

F.R.D. 647 (N.D. Cal. June 29, 2000). A district court need only draft a few sentences explaining the deficiencies in a complaint and should not have to act as an advocate for the *pro se* litigant in deciphering the complaint so as to make it possible for the defendants to respond appropriately. *Id.* at \*650 (citing *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987)). Judges are not required to construct a party's legal arguments for him. *Hedgewood v. Blanton*, 1995 WL 646217 (N.D. Ill, Nov. 2, 1995). An action may be dismissed without prejudice pursuant to Rules 8(a)(2) and 8(e)(1) because the court is "not required to strain to find favorable inferences that are not apparent on the face of the complaint." *Clemens v. Smith, et al.*, 1997 WL 461991 (N.D. Ill, Aug. 5, 1997). In light of the state of the pleadings submitted by the plaintiff, it is appropriate that this action be dismissed without prejudice for the plaintiff having violated Federal Rules of Civil Proceedure 8(a)(2) and 8(e)(1).

## DOUBLE JEOPARDY

Insofar as the plaintiff alleges he has been subjected to a violation of the United States Constitution's Double Jeopardy clause because his parole was revoked and he had to serve the sentence for which he had previously been released on parole, the plaintiff is mistaken.

The doctrine of double jeopardy is not applicable to a parole decision. *United States v. Goodwin*, 457 U.S. 368, 376-77, 384 n.19, 102 S.Ct. 2485, 73 L.Ed.2d 74 (1982). Parole considerations are not viewed as criminal punishment subject to the Double Jeopardy clause. *United States v. Miller*, 797 F.2d 336 (6th Cir. 1986); *Kell*

4

*v. United States Parole Commission*, 26 F.3d 1016 (10th Cir., 1994) (citing *United States v. McGowan*, 960 F.2d 716, 718 (8th Cir. 1992); *United States v. Whitney*, 649 F.2d 296, 298 (5th Cir. 1981); *see also Mahan v. Gunter*, 978 F.2d 599, 602 n.7 (10th Cir. 1992) (rejecting double jeopardy argument on grounds that parole determination which did not lengthen original sentence did not result in criminal punishment)); *see also State of Vermont v. Brunet*, 174 Vt. 135, 806 A.2d 1007 (May 10, 2002).

## CONCLUSION

Accordingly, the court being advised, **IT IS ORDERED** as follows:

(1) Plaintiff's motion for leave to proceed *in forma pauperis* is **GRANTED**, and the filing fee is hereby waived.

(2) This action is **DISMISSED** *sua sponte*, and judgment shall be entered contemporaneously with this memorandum opinion in favor of the defendants.

Signed on April 18, 2005



Jennifer B. Coffman
JENNIFER B. COFFMAN, JUDGE
U.S. DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY

5